Kathleen LEBAR, Plaintiff—Appellant,

v.

Paul O'NEILL, Defendant—Appellee.

No. 02–16101.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Nov. 21, 2003.

Kenneth James McKenna, Reno, NV, for Plaintiff–Appellant.

Gregory Addington, US Attorney's Office, Reno, NV, for Defendant–Appellee.

Before: SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Kathleen Lebar, an employee of the Bureau of Alcohol, Tobacco and Firearms (ATF), filed this action seeking to enjoin the Secretary of the Treasury from enforcing a disciplinary order transferring her from Reno, Nevada to Sacramento, California. The district court dismissed the action for lack of jurisdiction because the Civil Service Reform Act (CSRA) preempts Lebar's claims. We affirm.

## DISCUSSION

We have held that the CSRA preempts any action filed by a federal employee seeking to challenge a personnel action, even on constitutional grounds, either through the Administrative Procedures Act or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Russell v. United States Dept. of the Army,* 191 F.3d 1016, 1019–20 (9th Cir.1999). Lebar correctly notes that not all claims filed by federal employees against their employers are preempted by the CSRA. *See, e.g. Collins v. Bender,* 195 F.3d 1076, 1080 (9th Cir.1999) (holding that former DEA agent could maintain *Bivens* claim for alleged unlawful search of his residence). Lebar fails, however, to counter the Government's assertion that the disciplinary order here constitutes a "personnel decision," which falls squarely within the scope of the CSRA. Further, the CSRA preempts Lebar's claims even if the ATF failed to follow all administrative procedures. *See Golt v. United States,* 186 F.3d 1158, 1164 (9th Cir.1999) (holding that CSRA preempts challenge to federal employee's termination despite alleged notice violation).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.